492

28 C.C.P.A.(Patents)

**In re FORGED STEEL PRODUCTS CO.**

Patent Appeals Nos. 4460, 4461.

Court of Customs and Patent Appeals.

June 30, 1941.

Harry C. Alberts, of Chicago, Ill., for appellant.

W. W. Cochran, of Washington, D. C., for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Judge.

These are appeals from the decisions of the Commissioner of Patents affirming the decisions of the Examiner of Trade-marks denying appellant's applications for the registration of alleged trade-marks under the Trade-mark Act of February 20, 1905, 15 U.S.C.A. §§ 81–109.

For the purpose of the hearing in this court, the records in the cases were consolidated, and as the evidence submitted by appellant applies with equal force to the issues in each case, we shall dispose of the issues presented in one opinion.

Appeal No. 4460.
Serial No. 378,746.

The mark involved in this appeal consists, as stated in appellant's amended application, "of the words 'Vacuum Grip' surrounded by rows of circular recesses in the form and design shown in the drawing, said recesses being either *upraised or countersunk* relative to the handle grasping surface tool to which they are applied." (Italics not quoted.)

It is stated in appellant's application that appellant has used the involved trade-mark on pliers since June 1, 1920.

In his decision denying appellant's application for the registration of the alleged trade-mark, the examiner stated that the circular recesses if countersunk in the handle of the tool, as stated in appellant's application, would produce a suction or vacuum between such handle and the hand of the user of the tool; that the term "Vacuum Grip" merely announced that fact; and that, therefore, the mark was descriptive of one of the essential characteristics of appellant's goods. The examiner held that if the circular recesses were upraised instead of countersunk they would serve as friction elements, and would also serve a somewhat ornamental purpose; that whether countersunk or upraised in the handle of the tool the circular recesses were integral parts of the goods and served a mechanical and useful function; and that, therefore, the alleged trade-mark was not registrable.

The Commissioner of Patents, although being of opinion that the words "Vacuum Grip" were not descriptive of the goods on

which the mark was used, held that the circular recesses forming a substantial portion of the mark served a utilitarian purpose and that, therefore, the mark was not registrable.

It may be said at this point that the reason given by the Commissioner of Patents for holding that the words "Vacuum Grip" were not descriptive of the goods on which they were used was that as appellant was the owner of trade-mark registration No. 141,355, issued April 19, 1921, on an application filed June 8, 1920, for the trade-mark "Vacuum Grip" for use on cutlery, machinery, and tools and parts thereof, it was "entitled to the benefit of any reasonable doubt as to the registrability of the same or a closely similar mark upon a subsequent application to register."

In holding that appellant's mark was not registrable, the commissioner referred to his decision in companion appeal No. 4461, wherein he stated, inter alia:

"It is my opinion that registration was properly refused on the ground that the alleged trade-mark is an integral part of the goods to which it is applied, and is of mechanical utility in connection therewith. It is a matter of common knowledge that the handles of most pliers are roughened to prevent slipping in the hand of the user, *and it is admitted by applicant's counsel that, 'to a negligible extent,' the embossed circles on applicant's plier handles serve that purpose.* This admission of counsel is predicated upon a statement occurring in the affidavit of applicant's president *'that this particular symbol serves no utilitarian purpose beyond that of any other roughened surface found on hand tools to preclude slipping of the palms thereover during the grasp thereof.'* " (Italics not quoted.)

■ The affidavit referred to in the quoted excerpt from the commissioner's decision in appeal No. 4461 is not in the record, and there is no explanation of why it is not. Accordingly, the quotation from the affidavit of the president of the appellant company appearing in the commissioner's decision must be regarded by us as accurate. In re Kluter, 92 F.2d 906, 25 C.C.P.A., Patents, 730, 732.

The record contains the affidavits of one H. G. Kell, vice president of the appellant company, dated February 24, 1939, and April 24, 1940, respectively. In the affidavit dated February 24, 1939, it is stated in substance that the circular recesses forming a part of the alleged trade-mark here involved are technically referred to as "vacuum cups"; that such recesses when countersunk could not possibly impart a suction effect; that when countersunk such recesses present fanciful appearance and neither describe nor misdescribe either the hand tool or the handle thereof on which they are used; that appellant has expended more than $100,000 in popularizing its alleged trade-mark; and that the public has learned to understand that appellant's alleged trade-mark indicates origin of appellant's goods in appellant.

In his affidavit dated April 24, 1940, Mr. Kell stated:

" * * * That it has been found from a production standpoint more desirable to impress the Vacuum Grip Symbol by resort to countersunk rather than upraised recesses in the handle grasping surfaces of a tool; that this renders it more adaptable to production methods and gives greater life to the impressing die; that instances of tools whereon the Vacuum Grip Symbol is impressed by resort to countersunk recesses are shown in the circular accompanying the amendment filed on to wit April 8, 1940; * * * that the aforesaid countersunk recesses defining the 'Vacuum Grip' symbol as illustrated in applicant's trade circular present a smooth surface to the feel of the palm when grasped for manipulation of the respective tools; that these symbols present no roughened surfaces to the feel of the hand during the manual grasping operation and that the aforesaid 'Vacuum Grip' symbol [the circular recesses] on the aforesaid tools does not aid in the gripping of the tools, but is still as important as ever in designating origin of the tools in and to the applicant, Forged Steel Products Company.

"Affiant further avers and states the fact to be that Earl W. Myers who originally subscribed to and executed an affidavit of record in this case, is now deceased; *that the affidavit of said Earl W. Myers has reference only to Vacuum Grip Symbols of the upraised type illustrated in the aforesaid circular*; that the 'Vacuum Grip' Symbol of the upraised type is gradually being dispensed with and will only be utilized until the present impression dies therefor become too worn for further use; that thereafter the upraised 'Vacuum Grip' Symbol on such few remaining illustrations now contained in the aforesaid circular, will be substituted by the 'Vacuum Grip'

Symbol of the countersunk recessed type; * * * that when new dies are made to displace the upraised 'Vacuum Grip' Symbol, all of these tools will present the same symbol as identified for the countersunk recess type in the aforesaid illustrations; *that none of the 'Vacuum Grip' Symbols will then present any roughened surfaces to the feel of the palm; and that any roughened surface in the upraised 'Vacuum Grip' Symbol is merely incidental rather than a necessary or desired feature thereof and is entirely eliminated in the countersunk recess type symbol; and that the 'Vacuum Grip' symbol is utilized merely to designate origin of the aforesaid tools in and to applicant as set forth in affiant's previous affidavit.*" (Italics not quoted.)

On page 20 of appellant's circular, referred to in the affidavit. of Mr. Kell, under the heading "Facts You Should Know About Pliers," reference being had to appellant's vacuum grip pliers, it is stated, among other things, that the handles of appellant's tools are comfortably formed and that the "famous 'Vacuum Grip' * * * gives you a sure hold." On page 21 of the circular, with reference to pliers No. 137, it is stated: "Fashioned handles for greater comfort to the hand, with deeply bossed 'Vacuum Grip' cups, affording a sure, nonslip hold." On page 23 of the circular, with reference to pliers No. 196, it is stated: "Full curved handles for hand comfort, with deeply recessed Vacuum Grip 'cups' for a sure grip."

It is apparent from the affidavits of Mr. Kell and Mr. Myers (former president of the appellant company) and from appellant's circular (which was made a part of the record) that when the circular recesses are upraised the handles of the pliers have a roughened surface which prevents slipping in the hand of the user.

■ It is true that affiant Kell stated that it is the purpose of appellant to discontinue the use of the upraised circular recesses in the alleged trade-mark. It is sufficient to say in this connection that the application here involved expressly includes upraised circular recesses. It is clear, therefore, from the record that the circular recesses in appellant's alleged trademark are a part of appellant's pliers and have a utilitarian function. The alleged trade-mark is, therefore, not registrable. In re Dennison Manufacturing Company, 39 F.2d 720, 17 C.C.P.A., Patents, 987; In re Vertex Hosiery Mills, Inc., 45 F.2d 249, 18 C.C.P.A., Patents, 725; In re National Stone-Tile Corporation, 57 F.2d 382, 19 C.C.P.A., Patents, 1101; Sparklets Corporation v. Walter Kidde Sales Co., 104 F.2d 396, 26 C.C.P.A., Patents, 1342.

The decision of the Commissioner of Patents is affirmed.

Affirmed.

Appeal No. 4461.
Serial No. 380,630.

The alleged trade-mark involved in this appeal is the same as that involved in companion appeal No. 4460, except that it does not contain the words "Vacuum Grip."

■ The mark consists, as stated in appellant's application, "of a symbol defined by three rows of circular recesses which may be *upraised or countersunk* relative to the handle grasping surface of the tool to which it is applied as shown in the drawing." (Italics ours.) It is further stated in appellant's application that appellant has used its alleged trade-mark on pliers since June 1, 1920.

The Commissioner of Patents held that the symbol, consisting of three rows of circular recesses, forming appellant's alleged trade-mark was a part of the tools to which it was applied; that it served a utilitarian function; and that therefore, it was not registrable as a trade-mark.

In our decision in companion appeal No. 4460, we quoted from the decision of the commissioner in the instant appeal.

We are of opinion, for the reasons stated in our decision in appeal No. 4460, that the Commissioner of Patents reached the right conclusion. Accordingly, his decision is affirmed.

Affirmed.